# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RAJEEYAH WHITNEY, | ) | |
|     Plaintiff | ) | NO. |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMAND |
| NORTHEAST ILLINOIS REGIONAL COMMUTER | ) | |
| RAILROAD CORPORATION (A/K/A METRA), | ) | |
| METRA ATTENDANT JAMAL PORSHE | ) | |
| METRA POLICE OFFICER LAURIE SABATINI, | ) | |
| METRA POLICE OFFICER O'NEIL, | ) | |
|     Defendants. | ) | |

## COMPLAINT AT LAW

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Plaintiff Rayeeyah Whitney is an African American female, a citizen of the United States, and a resident of Chicago, Illinois.

3. Defendant Officers Laurie Sabatini and O'Neil are or were police officers employed by the Metra Police Department, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Each officer is being sued in their individual capacity.

4. On September 5, 2013 at 11:05pm, Plaintiff mistakenly boarded a train headed toward Union Park at the Ivanhoe Metra Station.

5. Shortly after Plaintiff boarded the train, she asked Attendant Jamal Porshe if the train was going towards Lake Park. Mr. Porshe responded that it was not. Plaintiff asked Mr. Porshe if she should get off at the next stop and if there would be a train to Lake Park

coming by any time soon. Mr. Porshe told Plaintiff she should get off at the next stop and that there would be a train going to Lake Park coming by in a few minutes.

6. Plaintiff disembarked the train at the next stop, which was 147th and Sibley. Plaintiff then waited on the platform for a train to Lake Park for approximately one hour.

7. Plaintiff boarded the train to Lake Park at approximately 12:05am. Plaintiff noticed that Attendant Jamal Porshe was also on this train when he came to collect her fare.

8. Plaintiff asked Mr. Porshe why he had given her inaccurate information about the train schedule.

9. In response to Plaintiff's inquiry, Mr. Porshe remarked, "if you knew how to read," and then walked away from Plaintiff.

10. Plaintiff inquired why made the comment about her ability to read and asked for a telephone number for his superior or a passenger complaint number.

11. Shortly thereafter, the train stopped at the next station and Plaintiff was met at the door by Officers O'Neil and Sabatini.

12. Plaintiff stood on the train near the door and attempted to ask about a complaint telephone number in order to complain about Mr. Porshe.

13. Instead of allowing Plaintiff to ask her question, the officers informed Plaintiff that she wasn't allowed to stand on the train and then ordered her to sit down.

14. When Plaintiff attempted to ask the question again, the Defendant Officers pulled her off the train car and onto the platform at the train stop. The Defendant Officers ripped her shirt in the process of pulling her off the train.

15. Plaintiff asked why the officers had pulled her off the train and in response was struck in the left side of the face by Defendant Sabatini.

16. Plaintiff was then tackled down to the platform by Defendant Sabatini and O'Neil and handcuffed.

17. Plaintiff was arrested by Defendant Officers O'Neil and Sabatini.

18. Plaintiff was transported to a Metra police holding facility by Metra police car by Defendant Officers Sabatini and O'Neil.

19. Upon arrival at the Metra police holding facility, Defendant Officer Sabatini began verbally abusing Plaintiff, calling her a "mother fucker," "an animal," and other curse words.

20. Plaintiff was not allowed to use the bathroom while she was at the Metra holding facility.

21. Sometime during the morning of September 6, 2013, Plaintiff was transported to the Chicago Police Department police station located on 111th St. by Officer O'Neil. Officer Sabatini followed Officer O'Neil's vehicle to the police station.

22. While being processed at the 111th St. police station, Plaintiff informed a female CPD officer that she was injured because she had been struck in the face by Officer Sabatini. Officer Sabatini overheard the conversation and in response threatened to hit her again.

23. Plaintiff was charged with a battery based on the Defendant Officers' complaint.

24. As a direct and proximate cause of the Defendant Officers' conduct, Plaintiff suffered numerous emotional disturbances, including but not limited to sleepless nights, anxiety attacks, distressing dreams, flashbacks, frightening thoughts, and depressions.

## COUNT I
### (42 U.S.C. SECTION 1983 – EXCESSIVE FORCE CLAIM)

(1-24)  Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. As a result of the unreasonable and unjustifiable attack on Plaintiff, she suffered both physical and emotional injuries.

26. This unreasonable and unjustifiable beating of the Plaintiff Rajeeyah Whitney by the Defendant Officers was a direct and proximate cause of her pain, suffering and mental anguish. The above acts by the Defendant Officers violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

   **WHEREFORE**, Plaintiff Rajeeyah Whitney demands compensatory damages in excess of $100,000 against Defendant Officers Sabatini and O'Neil and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual Defendant Officer plus costs, attorneys' fees, and such other additional relief as this Court deems equitable and just.

## COUNT II
## (42 U.S.C. SECTION 1983 – CONSPIRACY)

(1-24)   Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. Attendant Jamal Porshe and Officers Sabatini and O'Neil reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

26. Each Defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of her rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

27. Additionally said conspiracy/joint action violated Plaintiff's Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of her pain, suffering and mental anguish.

28. Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to an unjustifiable beating and false arrest as fully alleged in paragraphs 1-24. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiff.

**WHEREFORE**, Plaintiff demands compensatory damages in excess of $100,000 against each Defendant, and because the Defendants acted maliciously, willfully and/or wantonly, punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

## COUNT III

**(42 U.S.C. SECTION 1983 – FAILURE TO PREVENT CIVIL RIGHTS VIOLATION UNDER)**

(1-24) Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. The above stated acts of initiating false charges and violence against the Plaintiff by each Defendant Officer was witnessed and encouraged by the other Defendant Officer.

26. Each Defendant Officer had the opportunity and duty to prevent the violation of the Plaintiff's civil rights by the other Defendant Officer, but failed to do so.

27. The failure of each Defendant Officer to prevent the above alleged civil rights violations by the other Defendant Officer was the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff demands compensatory damages in excess of $100,000 against each Defendant Officer; and because each acted maliciously, willfully, and/or wantonly, punitive damages against them plus attorney's fees and costs, and any additional relief this Court deems equitable and just.

## COUNT IV

### (42 U.S.C. SECTION 1983 – FALSE ARREST)

(1-24) Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. The above acts of the Defendant Officers were willfully and wantonly done without probable cause and was a direct and proximate cause of Plaintiff's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff demands compensatory damages in excess of $100,000 against the Defendant Officers, and because the Defendant Officers acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT V

### (MALICIOUS PROSECUTION UNDER ILLINOIS LAW)

(1-24) Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. The above prosecution was initiated by the Defendant Officers to harass the Plaintiff.

26. The Defendants signed a complaint against Plaintiff which began her criminal prosecution. Defendants further gave false statements against Plaintiff to the prosecutor.

27. The unjustifiable prosecution was resolved in the Plaintiff's behalf in a matter indicative of her innocence, and, therefore, said prosecution was in violation of the Illinois law.

28. The unjustifiable prosecution of the Plaintiff was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff seeks actual or compensatory damages in excess of $100,000 against Defendant Officers Sabatini and O'Neil individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each Defendant Officer.

## COUNT VII

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ILLINOIS LAW)

(1-24) Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. The previously alleged actions of the Defendant Officers were extreme and outrageous.

26. The Defendant Officers intended that their conduct would inflict severe emotional distress on Plaintiff or consciously or reckless ignored the high probability that their conduct would cause the Plaintiff severe emotional distress.

27. Plaintiff suffered extreme emotional distress.

28. As an actual and proximate cause of the Defendant Officers' conduct, Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff seeks actual or compensatory damages in excess of $100,000 against Defendant Officers Sabatini and O'Neil individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each Defendant Officer.

## COUNT VIII

### (BATTERY UNDER ILLINOIS LAW)

(1-24) Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. The Defendant Officers intentionally touched Plaintiff in an insulting and provoking manner without her consent and without legal justification.

26. Plaintiff suffered physical injury as a direct result of the Defendant Officers' unlawful touching.

WHEREFORE, Plaintiff seeks actual or compensatory damages in excess of $100,000 against Defendant Officers Sabatini and O'Neil individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages against each Defendant Officer.

## COUNT IX

### (RESPONDEAT SUPERIOR UNDER ILLINOIS LAW)

(1-24) Plaintiff Rajeeyah Whitney alleges and re-alleges paragraphs 1 through 24 as fully set forth above.

25. The aforesaid acts of Defendant Officers Sabatini and O'Neil were done within the scope of their employment as Metra Police Officers, were willful and wanton, and therefore the

Northeast Illinois Regional Commuter Railroad (a/k/a Metra), as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiffs, demand judgment against Northeast Illinois Regional Commuter Railroad (a/k/a Metra) plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS.**

    Respectfully submitted,

    s/Benjamin D. Meyer
    Benjamin D. Meyer,
    Attorney at Law

The Law Offices of Standish E. Willis, Ltd
29 E. Madison, Ste 1802
Chicago, IL  60602
(312) 750 1950