IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN

| | |
|---|---|
| RAJEEYAH WHITNEY,<br><br>                    Plaintiff,<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA; METRA ATTENDANT [sic] JAMAL PORSHE [sic]; METRA POLICE OFFICER LAURIE SABATINI; and METRA POLICE OFFICER O'NEIL [sic],<br><br>                    Defendants. | No.: 15 c 2166<br><br>Judge John W. Darrah |

## DEFENDANT PORCHE'S MOTION TO
## DISMISS PLAINTIFF'S COMPLAINT

Defendant Conductor Jamal Porche (hereinafter "Conductor Porche" [1]), by and through one of his attorneys, Stacey McGlynn Atkins, moves this Court to dismiss all claims against him in Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6). In support thereof, Conductor Porche states as follows:

### INTRODUCTION

Plaintiff has filed a seven-count[2] Complaint alleging various violations of the Civil Rights Act, 42 U.S.C. Section 1983 and 1988, as well as state law claims of Malicious Prosecution, IIED and *Respondeat Superior*. [Dkt. 1]. Specific to Conductor Porche, Plaintiff asserts a single claim of Conspiracy in violation of 42 U.S.C. § 1983 and affirmatively alleges that at all times relevant Conductor Porche was "acting within the scope of his employment and under color of law." [Dkt. 1, ¶ 6 and Count II, generally].

---

[1] Misspelled by Plaintiff as "Porshe."
[2] Plaintiff's Complaint contains seven (7) counts; however, Counts VI and VII are erroneously entitled Counts VII and VIII, as there is no "Count VI" in the filed Complaint.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. FED.R.CIV.P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Iqbal*, 556 U.S. at 678; *Twombly*, at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

**ARGUMENT**

Plaintiff's Count II alleges that the Defendants, and each of them, conspired amongst each other to interfere with her constitutional rights. [Dkt. 1, Count II, generally]. Count II constitutes Plaintiff's sole claim against Conductor Porche. To establish liability under § 1983, the plaintiff must show that the conduct complained of (1) was committed by a person acting under color of state law, and (2) deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Holmes v. City of Chicago*, 2014 WL 3864570, *3 (N.D. Ill. Aug. 6, 2014). "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Andrews v. Burge*, 660 F.Supp.2d 868 (N.D. Ill. 2009).

Conductor Porche cannot be liable on a claim of § 1983 conspiracy. In order to recover under § 1983, Plaintiff must establish a defendant's personal responsibility for the claimed deprivation of her constitutional rights and that said person was acting under color of law. However, Plaintiff here has not, and cannot, show that Conductor Porche was acting under color of law at the time alleged in Plaintiff's Complaint, nor can she show that Conductor Porche participated in the

alleged constitutional deprivation(s). Pursuant to her Complaint, Conductor Porche merely engaged her in conversation; it is not alleged that he summoned the police; it is not alleged that he filed charges against her; nor is it alleged that he participated in *any way* in her arrest or prosecution. [Dkt. 1]. Moreover, it is not even alleged that he provided any information to the arresting officers on the nature of her actions which led to her arrest. *See Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1990) (holding that a state game warden who provided information to arresting officers on the nature of the defendant's actions leading to the arrest was not acting under authority of state law but acting as a private citizen); *Battle v. Alderden*, 2015 WL 1522943, at * 3 (N.D. Ill. Mar. 30, 2015). Plaintiff fails to state a cause of action against Conductor Porche. Accordingly, all claims against him must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, any and all claims against Conductor Porche must be dismissed in their entirety and with prejudice.

Respectfully Submitted,
By: s/ Stacey McGlynn Atkins
Associate General Counsel

Stacey McGlynn Atkins
Associate General Counsel - Metra
547 W. Jackson Blvd.
Suite 1500
Chicago, Illinois 60661

## CERTIFICATE OF SERVICE

      I, Stacey McGlynn Atkins, depose and state that I served the foregoing Motion to Dismiss Count II of the Plaintiff's Complaint, by serving a copy to all counsel of record pursuant to CM/ECF and shall comply with L.R.5.5 as to any party who is not a Filing User or represented by a Filing User on May 27, 2015.

                                        s/Stacey McGlynn Atkins

Dated: May 27, 2015

Stacey McGlynn Atkins
Associate General Counsel – Metra
547 W. Jackson Blvd., 15th Floor
Chicago, Illinois 60661
(312) 322-7773
satkins@metrarr.com