IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN

| | |
|---|---|
| RAJEEYAH WHITNEY,<br><br>                Plaintiff,<br><br>v.<br><br>NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA; METRA ATTENDANT [sic] JAMAL PORSHE [sic]; METRA POLICE OFFICER LAURIE SABATINI; and METRA POLICE OFFICER O'NEIL [sic],<br><br>                Defendants. | No.: 15 c 2166<br><br>Judge John W. Darrah |

### DEFENDANT PORCHE'S RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Conductor Jamal Porche (hereinafter "Conductor Porche"[1]), by and through one of his attorneys, Stacey McGlynn Atkins, moves this Court to dismiss all claims against him in Plaintiff's Complaint pursuant to FED.R.CIV.P. 12(b)(6). In support thereof, Conductor Porche states as follows:

### INTRODUCTION

On March 11, 2015, Plaintiff filed a seven-count[2] Complaint alleging various violations of the Civil Rights Act, 42 U.S.C. Section 1983, as well as state law claims of Malicious Prosecution, IIED, Battery, and *Respondeat Superior*. [Dkt. 1].

On May 27, 2015, Defendant Porche filed a Motion to Dismiss all claims against him pursuant to FED.R.CIV.P. 12(b)(6) for Plaintiff's failure to state a claim of Section 1983 conspiracy as to Defendant Porche. [Dkt. 16]. At the motion presentation on June 10, 2015, Plaintiff represented to this Honorable Court that she had additional facts that could be plead and which would cure the

---

[1] Misspelled by Plaintiff as "Porshe."
[2] Plaintiff's Complaint contains seven (7) counts; however, Counts VI and VII are erroneously entitled Counts VII and VIII, as there is no "Count VI" in the filed Complaint.

defects identified in the Motion to Dismiss. Based upon these representations, this Honorable Court entered the following order:

> "Status hearing and ruling on motion hearing held. Defendants' Motion to Dismiss for Failure to State a Claim [16] is withdrawn without prejudice with leave to re-file. Amended complaint to be filed by 6/17/15. Status hearing set for 6/24/15 at 9:30 a.m. for scheduling." [Dkt. 19].

On June 16, 2015, Plaintiff filed her First Amended Complaint. [Dkt. 20]. A cursory review of Plaintiff's amended pleading reveals no new facts pled to cure any of the defects previously identified by Defendant Porche. Again, the only claim articulated against Defendant Porche is Plaintiff's Count II, sounding in Section 1983 Conspiracy. Accordingly, Defendant Porche respectfully renews his Motion to Dismiss for failure to state a claim upon which relief could be granted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. FED.R.CIV.P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Iqbal*, 556 U.S. at 678; *Twombly*, at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

## ARGUMENT

Plaintiff's Count II alleges that the Defendants, and each of them, conspired amongst each other to interfere with her constitutional rights. [Dkt. 20, Count II, generally]. Count II constitutes

Plaintiff's sole claim against Conductor Porche. To establish liability under § 1983, the plaintiff must show that the conduct complained of (1) was committed by a person acting under color of state law, and (2) deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Holmes v. City of Chicago*, 2014 WL 3864570, *3 (N.D. Ill. Aug. 6, 2014). "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Andrews v. Burge*, 660 F.Supp.2d 868 (N.D. Ill. 2009).

Conductor Porche cannot be liable on a claim of § 1983 conspiracy. In order to recover under § 1983, Plaintiff must establish a defendant's personal responsibility for the claimed deprivation of her constitutional rights and that said person was acting under color of law. However, Plaintiff here has not, and cannot, show that Conductor Porche was acting under color of law at the time alleged in Plaintiff's Complaint, nor can she show that Conductor Porche participated in the alleged constitutional deprivation(s). Despite the opportunity to replead, Plaintiff's First Amended Complaint pleads only that Conductor Porche merely engaged her in conversation; it is not alleged that he summoned the police; it is not alleged that he filed charges against her; nor is it alleged that he participated in *any way* in her arrest or prosecution. [Dkt. 1]. Moreover, it is not even alleged that he provided any information to the arresting officers on the nature of her actions which led to her arrest. *See Hughes v. Meyer*, 880 F.2d 967, 972 (7th Cir. 1990) (holding that a state game warden who provided information to arresting officers on the nature of the defendant's actions leading to the arrest was not acting under authority of state law but acting as a private citizen); *Battle v. Alderden*, 2015 WL 1522943, at * 3 (N.D. Ill. Mar. 30, 2015). Plaintiff's only additional "fact" pled in her Amended Complaint reads: "[w]hen Plaintiff asked Conductor Porche his name, Plaintiff noticed that Conductor Porche was holding a cell phone in his hand." [Dkt. 20, ¶ 14]. Plaintiff does not allege that Conductor Porche was using the phone in any manner that resulted in the alleged constitutional violations. Plaintiff continues to fail to state a cause of action against Conductor

Porche in her repled First Amended Complaint. Accordingly, all claims against him must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, any and all claims against Conductor Porche must be dismissed in their entirety and with prejudice.

                                                        Respectfully Submitted,
                                                        By: s/ Stacey McGlynn Atkins
                                                        Associate General Counsel

Stacey McGlynn Atkins
Associate General Counsel - Metra
547 W. Jackson Blvd.
Suite 1500
Chicago, Illinois 60661

## CERTIFICATE OF SERVICE

      I, Stacey McGlynn Atkins, depose and state that I served the foregoing Motion to Dismiss Count II of the Plaintiff's Complaint, by serving a copy to all counsel of record pursuant to CM/ECF and shall comply with L.R.5.5 as to any party who is not a Filing User or represented by a Filing User on June 17, 2015.

                                                  s/Stacey McGlynn Atkins

Dated: June 17, 2015

Stacey McGlynn Atkins
Associate General Counsel – Metra
547 W. Jackson Blvd., 15th Floor
Chicago, Illinois 60661
(312) 322-7773
satkins@metrarr.com