UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAJEEYAH WHITNEY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NORTHEAST ILLINOIS REGIONAL ) <br> COMMUTER RAILROAD ) <br> CORPORATION d/b/a METRA, and ) <br> METRA CONDUCTOR JAMAL ) <br> PORCHE, METRA POLICE OFFICER ) <br> LAURIE SABATINI, and METRA ) <br> POLICE OFFICER O'NEILL, ) <br> ) <br> Defendants. ) | Case No. 15-c-2166 <br><br> Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Rajeeyah Whitney, filed suit against Defendants, Northeast Illinois Regional Commuter Railroad Corporation d/b/a/ Metra; Metra Conductor Jamal Porche ("Defendant Porche"); Metra Police Officer Laurie Sabatini; and Metra Police Officer O'Neill, alleging multiple violations under 42 U.S.C. § 1983, and claims for malicious prosecution, intentional infliction of emotional distress, battery, and *respondeat superior* under Illinois law. Defendant Porche filed a Motion to Dismiss all claims against him pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). For the following reasons, this Motion is granted.

### **BACKGROUND**

Plaintiff alleged a Section 1983 conspiracy violation against Defendant Porche. This action arises from Plaintiff's alleged dispute with Defendant Porche while commuting on a Metropolitan Rail Corporation ("METRA") train.

The following facts are taken from Plaintiff's Amended Complaint. On September 5, 2013, at 11:05 p.m., Plaintiff mistakenly boarded a train headed toward Union Park at the Ivanhoe Metra Station. (Compl. ¶ 7.) Shortly after Plaintiff boarded the train, she asked Defendant Porche if the train was going towards Lake Park. (*Id.* ¶ 8.) He responded that it was not. Plaintiff then asked Defendant Porche if she should get off at the next stop and if there would be a train to Lake Park coming by anytime soon. (*Id.*). He told Plaintiff she should get off at the next stop and that there would be a train going to Lake Park coming by in a few minutes. (*Id.*) Plaintiff then disembarked the train at the next stop and waited on the platform for a train to Lake Park for approximately one hour. (*Id.* ¶ 9.)

Plaintiff boarded the next train to Lake Park at approximately 12:05 a.m. and noticed that Defendant Porche was also on this train when he came to collect her fare. (*Id.* ¶ 10.) Plaintiff asked Defendant Porche why he had given her inaccurate information about the train schedule. (*Id.* ¶ 11.) In response to Plaintiff's inquiry, Defendant Porche remarked, "If you knew how to read," and walked away from Plaintiff. (*Id.* ¶ 12.) Plaintiff then asked him for his name, asked why he made the comment about her ability to read, and asked for a telephone number for his superior or a passenger complaint number. (*Id.* ¶ 13.) When Plaintiff asked Defendant Porche his name, Plaintiff noticed that Defendant Porche was holding a cell phone in his hand. (*Id.* ¶ 14.) Shortly thereafter, the train began to stop at the next station, and just before the doors opened, Defendant Porche told Plaintiff, "You can talk to them," indicating to Plaintiff that someone was waiting on the train platform. (*Id.* ¶ 15.) After the train stopped at the train station, Plaintiff was met at the door by Defendants, Officer Laurie Sabatani and Officer O'Neill

(hereinafter "the Officers"). (*Id.* ¶ 16.) Plaintiff was then detained by the Officers. (*Id.* ¶¶ 17-32.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

To establish a claim of civil conspiracy under 42 U.S.C. § 1983, a plaintiff must allege "[s]he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law." *Kelley v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 – 156 (1978); s*ee also Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

Under Section 2 of the Railroad Police Act, conductors of all railroad trains are vested with police powers while on duty on their respective trains and may wear an appropriate badge indicative of this authority. 610 ILCS 80/2. Plaintiff identifies Defendant Porche as a conductor that was acting within the scope of his employment, but does not allege that Defendant Porche was acting under color of law pursuant to the Railroad Police Act. Further, Plaintiff fails to state how Defendant Porche participated in her arrest or the alleged violation of her constitutional rights. The Complaint does not allege that he summoned police, reported Plaintiff to the police, or filed any charges against her. *See Spencer v. Natl. Railroad Passenger Corp.*, 141 F.Supp.2d 1147, 1149-50 (N.D. Ill. 2001) (finding conductor was not acting under color of law when he erroneously identified train passenger to railroad police officer as someone who had assaulted another passenger because he did not cause or participate in the alleged constitutional deprivation). Plaintiff does not allege any further involvement by Defendant Porche between the time he stated, "You can talk to them," and when she was detained by the Officers. Even if Plaintiff could establish that Defendant Porche was acting under color of law, the Complaint still fails to state a claim of civil conspiracy against him.

"A plaintiff bringing a claim of civil conspiracy pursuant to § 1983 need not allege an overt act to make the claim actionable." *Piphus v. City of Chicago*, No. 12–cv–7259, 2013 WL 3975209, at *7 (N.D. Ill. Aug. 1, 2013) (citing *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir.2002)). In fact, the Seventh Circuit held that it is enough to merely indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with. *Walker v. Thompson*, 288 F. 3d 1005, 1007 (7th Cir. 2002). Further, this remains true even after *Twombly* and *Iqbal*. *Id.; Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009).

Plaintiff was provided two opportunities to articulate a plausible claim against Defendant Porche. In Plaintiff's Amended Complaint, Plaintiff alleged that Defendant Porche and the Officers conspired amongst each other to interfere with her constitutional rights. (Dkt. 20.) Plaintiff pled the following in support of her allegation:

- "When Plaintiff asked Conductor Porche his name, Plaintiff noticed that Conductor Porche was holding a cell phone in his hand." (Compl. ¶ 14.)
- "Shortly thereafter, the train began to stop at the next station. Shortly before the doors opened, Conductor Porche told Plaintiff, "You can talk to them," indicating to Plaintiff that someone was waiting on the train platform." (Compl. ¶ 15.)

Plaintiff's factual pleadings do not include any allegations of the communications between Defendant Porche and the Officers regarding a conspiracy, and a reasonable inference cannot be drawn from the facts that were provided in support of her claim. Even if Defendant Porche acted under color of law, Plaintiff failed to allege any facts which may show or support the alleged participation in the conspiracy.

## CONCLUSION

For the reasons discussed above, Defendant Porche's Motion to Dismiss is granted [22]. Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Order, if she can do so in a manner consistent with this Opinion and Rule 11 of the Federal Rules of Civil Procedure.

Date: _____October 28, 2015_____  _____
JOHN W. DARRAH
United States District Court Judge

5